## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOYA DIXON-RANDOLPH, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) | |
| | ) | No. 19-cv-01422 |
| v. | ) | **CLASS ACTION** |
| | ) | |
| CITY OF CHICAGO and CHICAGO PARKING METERS, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

### INTRODUCTION

Plaintiff, Toya Dixon-Randolph ("Randolph") respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a SECOND AMENDED COMPLAINT, a copy of which is attached hereto as Exhibit A. The new complaint maintains the counts and allegations against the same defendants, City of Chicago (hereinafter the "City") and Chicago Parking Meters, LLC (hereinafter "CPM"), from the original complaint, but adds an additional count against Defendant City of Chicago for unjust enrichment in light of notable factual developments that have occurred since the original complaint was filed, identifies an additional sub-class to account for these developments and names Catherine Prestigiacomo as another class representative to serve as the class representative of the aforementioned sub-class. As of the time of filing, on May 20, 2019, Defendants have not consented to the filing. Accordingly, Plaintiff seeks the Court's leave to amend, which should be granted for the reasons set forth below.

**STATEMENT OF FACT**

On February 27, 2019, Plaintiff filed her initial Complaint at law against named defendant City of Chicago, asserting four counts of constitutional violations by the City of Chicago in its enforcement of the City's parking meter system.

Thereafter, Plaintiff discovered additional unlawful acts related to the operation and enforcement of the Chicago parking meter system, specifically Defendant CPM's illicit practice of authorizing and accepting payments for unlawful parking extensions in direct contravention to the Municipal Code of Chicago, which it was contractually obligated to observe. Following this discovery, Plaintiff filed her First Amended Complaint on April 23, 2019 adding CPM as a named defendant and asserting a claim for unjust enrichment against CPM as Count V.

On May 14, 2019, CBS Chicago released an investigative report uncovering the City of Chicago's unlawful and unscrupulous practice overcharging motorists receiving expired meter tickets in Non-Central Business Districts throughout Chicago. See Dorothy Tucker, City Overcharging for Thousands of Expired Meter Parking Tickets, CBS CHICAGO (May 14, 2019). https://chicago.cbslocal.com/2019/05/14/expired-parking-meter-tickets-overbilled-overcharged/.

Based on the research conducted by data analyst Matt Chapman, which was the focus of the CBS Chicago report, between 2013 and 2018 Defendant City has assessed and collected an estimated "30,001 tickets outside the central business district at the $65 rate, resulting in a cumulative overcharge of more than $450,000." Id. It is believed that the City has engaged in this unlawful practice of overcharging parkers well before 2013 and that it continues to present.

These recent allegations against the City are directly applicable to a subset of the proposed Class. One of those members is Catherine Prestigiacomo. Upon information and belief, on or about November 9, 2015, Prestigiacomo was assessed a $65 expired meter ticket in a Non-Central Business District. As Prestigiacomo was unaware that the ticket was unlawfully assessed, she made no attempt

to dispute the ticket and paid the full $65 amount designated. To date, Prestigiacomo has not received a refund for the overpaid ticket. Prestigiacomo now seeks to be added as a named plaintiff to represent the proposed sub-class effected by this aspect of the City's illicit parking enforcement practices.

**ARGUMENT**

**PLAINTIFF HAS MET THE STANDARD FOR OBTAINING LEAVE TO FILE AN AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The general standard for when such leave is appropriate is as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

In light of the recent factual developments since Plaintiff filed her First Amended Complaint in April 2019, good cause for amending the First Amended Complaint is immediately apparent. Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings. Furthermore, there is no apparent or declared reason for denying the motion to amend, as none of the Foman factors are present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiff's motion.

None of the factors that may militate against granting a motion to amend is present in this case. Plaintiff moved swiftly to file these papers once the new facts were uncovered. Additionally, this suit is still only within its early stages. Neither defendant has filed responsive pleadings to Plaintiff's First

Amended Complaint.[1] Moreover, Defendant CPM has yet to file an appearance with this Court. Thus, there is no undue delay in Plaintiff's request to amend.

There is "[g]ood cause" to file an amended complaint "when it is reasonable that new claims are only recognized after filing an initial complaint." Luckett v. Conlan, 561 F.Supp.2d 970, 976 (N.D.Ill.2008). Here, Plaintiff only became aware of the facts supporting the new claim for unjust enrichment she seeks to include in the Second Amended Complaint, upon the release of the CBS Chicago May 14, 2019 investigative report uncovering the City's illegal actions. Accordingly, Plaintiff only recognized the claim after the filing of the First Amended Complaint in April.

As aforementioned, the newly-alleged facts were entirely unknown at the time the Plaintiff filed its First Amended Complaint. Plaintiff is not seeking the amendment in bad faith or with a dilatory motive. To the contrary, Plaintiff seeks the amendment to expedite the adjudication of issues held in common by proposed class members and conserve judicial resources by keeping associated interests within the same litigation. Accordingly, the interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed amended complaint. The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits.

Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. While Plaintiff seeks to assert a new theory of liability against Defendant City, it is too early in the litigation for either the City or CPM to be prejudiced by the amendment. At most, only limited discovery has been done by defendants thus far, and the cost of

---

[1] Pursuant to order of the court, responsive pleadings are due by June 7, 2019 for both defendants. *See* Exhibit B, 04/24/19 Status Order.

preparing to defend the new theory at this point is not an undue burden on defendants. Thus no prejudice would result to Defendants in allowing the amendment under these circumstances.

Finally, Plaintiff's request to file an amended complaint is not futile. "A proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." Peoples v. Sebring Capital Corp., 209 F.R.D. 428, 430 (N.D. Ill. 2002), quoting Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir.2000). Here, Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible.

Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed amended complaint. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

## CONCLUSION

For the reasons identified above, Plaintiff Toya Dixon-Randolph respectfully requests that the Court grant Plaintiff's motion for leave to file the proposed amended complaint .

Respectfully submitted,

By: _____

Attorneys for Plaintiff

Patrick C. Dowd
Dowd & Dowd, Ltd.
227 West Monroe Street—Suite 2650
Chicago, Illinois 60606
Tel: (312) 704-4400
Fax: (312) 704-4500
patrickdowd@dowdanddowd.com

Edward X. Clinton, Jr.
The Clinton Law Firm
111 West Washington Street-Suite 1437
Chicago, Illinois 60602
Tel: (312) 357-1515
ed@clintonlaw.net