# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOYA DIXON-RANDOLPH and CATHERINE PRESTIGIACOMO on behalf of themselves and all others similarly situated, </br></br>Plaintiffs, </br></br>v. </br></br>CITY OF CHICAGO and CHICAGO PARKING METERS, LLC, </br></br>Defendants. | No. 19-CV-1422 </br>Honorable John J. Tharp </br>Magistrate Judge Jeffrey T. Gilbert |

## DEFENDANT CITY OF CHICAGO'S
## MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendant City of Chicago ("City"), by its attorney Mark A. Flessner, Corporation Counsel for the City, respectfully moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Counts I, II, III, IV & VI of Plaintiffs' Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted and, in the alternative, to dismiss Count VI pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In support of this motion, the City states as follows:

1. This lawsuit challenges the City's issuance of $50 or $65 parking tickets, with the amount depending on the location of the violation. Plaintiffs contend, on behalf of themselves and a putative class, that this is an affront to their constitutional rights – the Eighth Amendment's prohibition on excessive fines, and the Fourteenth Amendment's equal protection and due process clauses.

2. Plaintiffs sue the City under 42 U.S.C. § 1983 for these violations in Counts I – IV. In Count VI, Plaintiff Prestigiacomo also brings a state law claim against the City for unjust enrichment, alleging that she was issued a $65 ticket when her parking violation warranted only a $50 ticket. Count V is not brought against the City. It is brought against Defendant Chicago Parking Meters, LLC, for unjust enrichment under Illinois law.

3. As explained more fully in the City's memorandum in support of this motion, Plaintiffs' federal claims are barred by the applicable two-year statute of limitations, and in the alternative, fail to state claims for violations of the Eighth or Fourteenth Amendments.

4. Additionally, Prestigiacomo's state law claim should be dismissed for lack of supplemental jurisdiction in light of the dismissal of Plaintiffs' federal claims, and it also fails on the merits because Prestigiacomo voluntarily paid her ticket rather than exhaust her remedies under state law for contesting it.

5.     Motions under Rule 12(b)(1) and 12(b)(6) are governed by the same standard. See Silha v. ACT, Inc., 807 F.3d 169, 174 (7th Cir. 2015).  Under that standard, the Court first strips away any conclusory statements in the complaint and considers only "well-pleaded factual allegations." Silha, 807 F.3d at 174. Then the Court determines whether the well-pleaded factual allegations "plausibly suggest a claim of subject matter jurisdiction," id., or – in the Rule 12(b)(6) context – whether those allegations "'state a claim to relief that is plausible on its face,'" Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff may plead herself out of court if the pleadings allege facts showing that the plaintiff cannot state a claim. See Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753–54 (7th Cir. 2002).

6.     Viewed in light of the applicable standards, Counts I, II, III, IV & VI fail to state a claim upon which relief can be granted against the City, and should be dismissed with prejudice.  In the alternative, Count VI should be dismissed for lack of subject matter jurisdiction.

**WHEREFORE**, and for the reasons stated more fully in Defendants' memorandum in support, the City respectfully requests that the Court dismiss Counts I, II, III, IV & IV of Plaintiffs' SAC for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), or dismiss Count VI for lack of supplemental jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and grant the City such further relief as the Court deems just and appropriate.

3

Date: July 3, 2019 Respectfully submitted,

                                                    MARK A. FLESSNER,
Corporation Counsel of the City of Chicago

By: /s/ Andrew W. Worseck
      Chief Assistant Corporation Counsel

Andrew W. Worseck
Peter H. Cavanaugh
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7129 / 744-0897
*Attorneys for Defendant City of Chicago*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 3, 2019, the foregoing document, as well as the City's Memorandum in Support of Its Motion to Dismiss the Second Amended Complaint, was served on all counsel of record via the Court's ECF system.

/s/ Andrew Worseck