UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOYA DIXON-RANDOLPH and CATHERINE PRESTIGIACOMO on behalf of themselves and all others similarly situated,<br>        Plaintiff,<br><br>    v.<br><br>CITY OF CHICAGO and CHICAGO PARKING METERS, LLC,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 19-cv-01422<br>)<br>)   **CLASS ACTION**<br>)<br>)<br>)<br>) |

## MOTION FOR VOLUNTARY DISMISSAL

NOW COME Plaintiffs, TOYA DIXON-RANDOLPH and CATHERINE PRESTIGIACOMO, by and through their attorneys, DOWD & DOWD, LTD., and pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss this action without prejudice. In support thereof, Plaintiffs state as follows:

1. Plaintiffs file this motion to dismiss without prejudice in lieu of a response to Defendants' respective motions to dismiss.

2. Voluntary dismissal of a class action is permitted where voluntary dismissal for class action plaintiffs is governed by both Rule 41(a)(1) and Rule 23(e). Chapman v. Ontra, Inc., No. 96 C 0019, 1998 WL 341805, at *2 (N.D. Ill. June 11, 1998).

3. In applying both rules, courts are to determine first whether plaintiff meets Rule 41(a)(1) conditions for dismissal, and then whether the proposed dismissal would prejudice any nonparty members of the putative class. Id., citing Baker v. America's Mortgage Servicing, Inc., 58 F.3d 321, 324 (7th Cir.1995).

4. Here, the conditions for voluntary dismissal pursuant to Rule 41(a)(1) are met and the proposed dismissal would not prejudice any nonparty members of the putative class.

First, by filing this motion for voluntary dismissal, Plaintiffs have satisfied the conditions of Rule

41(a)(1), which requires the filing of either (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgement; or (ii) a stipulation of dismissal signed by all parties who have appeared.

5. Here, Plaintiffs motion for voluntary dismissal serves as a notice of dismissal.

6. Additionally, Plaintiffs filed their motion for voluntary dismissal prior to the opposing parties filing an answer or motion for summary judgment.

7. Counsel has been retained in the last (5) weeks to defend (4) separate actions involving twelve (12) fatalities. It would be unfair to this court, the parties and defense counsel of record to proceed with this important, sizeable and time consuming litigation without being able to devote substantial effort to this meritorious claim, which I fully expect to refile within the statutory period permitted.

8. On February 27, 2019, Plaintiff Toya Dixon-Randolph filed a complaint in this Court against the CITY OF CHICAGO for its violation of the constitutional rights of Dixon-Randolph and all others similarly situated (the "Complaint").

9. Thereafter, on April 23, 2019, Plaintiff Dixon-Randolph filed her First Amended Complaint, adding CHICAGO PARKING METERS, LLC ("CPM") as a named defendant and an additional cause of action for unjust enrichment against CPM.

10. On June 12, 2019, upon leave of Court, Plaintiff filed her Second Amended Complaint adding an additional Plaintiff, Christine Prestigiacomo, and count against the City of Chicago for unjust enrichment.

11. On July 3, 2019, the City of Chicago and CPM filed responsive motions to dismiss in lieu of an answer.

12. To date neither City of Chicago nor CPM has filed an answer to the Complaint, First Amended Complaint, or Second Amended Complaint.

13. Additionally, neither Plaintiffs nor Defendants have moved for summary judgment in this case.

14. Accordingly, Plaintiffs' have a right to voluntary dismissal without prejudice because the conditions of Rule 41(a)(1) are met.

15. Finally, dismissal will not prejudice any nonparty members of the putative class and thus notice to class members in accordance with Rule 23(e) is not required. Notice of dismissal may not be required when class allegations are dismissed prior to certification. <u>Spivey v. Adaptive Mktg., LLC</u>, 660 F. Supp. 2d 940, 952 (S.D. Ill. 2009), aff'd, 622 F.3d 816 (7th Cir. 2010), citing <u>Simer v. Rios</u>, 661 F.2d 655, 666 (7th Cir.1981).

16. No formal notice of the class action has been sent to class members, therefore putative class members would not have relied on the pending action to protect their interests.

17. Moreover, as Plaintiffs seek dismissal prior to class certification, "'dismissal would not have a res judicata effect as to absent putative class members.'" <u>Spivey</u>, 660 F. Supp. 2d at 953, quoting <u>Hickerson v. Velsicol Chem. Corp.</u>, 121 F.R.D. 67, 68 (N.D.Ill.1988) (holding that Rule 23(e) notice was required for an agreed dismissal after a class had been certified but distinguishing that situation from a pre-certification dismissal).

18. Even if the Court determines notice is required by Fed. R. Civ. P. 23(e), Plaintiffs are willing to undertake to pay the costs of such notice, as directed by the Court.

WHEREFORE, the plaintiffs TOYA DIXON-RANDOLPH and CATHERINE PRESTIGIACOMO respectfully pray that this Court grant their motion to dismiss their Second Amended Complaint without prejudice.

Respectfully submitted,

By: _/s/ Patrick C. Dowd_

Attorneys for Plaintiff

Patrick C. Dowd
Dowd & Dowd, Ltd.
227 West Monroe Street—Suite 2650
Chicago, Illinois 60606
Tel: (312) 704-4400
patrickdowd@dowdanddowd.com

Edward X. Clinton, Jr.
The Clinton Law Firm
111 West Washington Street-Suite 1437
Chicago, Illinois 60602
Tel: (312) 357-1515
ed@clintonlaw.net